[No. 2041. Decided March 12, 1896.]

John W. Barnett, *Appellant*, v. J. V. O'Loughlin *et ux.*, *Respondents*.

HUSBAND AND WIFE—COMMUNITY OBLIGATIONS—INDEMNITY BOND.

An indemnity bond executed by a husband to maintain his claim against property attached in an action prosecuted by him individually upon a claim belonging to the community is a community obligation, and the community real estate is liable for its satisfaction.

Appeal from Superior Court, Lewis County.— Hon. W. W. Langhorne, Judge. Reversed.

*Reynolds & Stewart*, for appellant.
*Swasey & Murdoch*, for respondents.

The opinion of the court was delivered by

Scott, J.—The respondents are husband and wife, and one G. W. Hunt became indebted to them in the sum of $800 for board and lodging of his employees. Respondent J. V. O'Loughlin individually began suit to recover said sum, and sued out a writ of attachment against the property of Hunt. This writ was delivered to appellant as sheriff, and was by him levied on certain personal property which was thereafter claimed by one Dixon. Barnett demanded of O'Loughlin an indemnity bond. This demand was complied with, a bond being given by O'Loughlin as

principal, with two sureties.    Afterwards Dixon recovered a judgment against Barnett for the value of said property, the same having been sold under the attachment proceedings; and thereafter Barnett brought suit upon the indemnity bond to recover the amount he had been compelled to pay to Dixon, and obtained judgment therefor and this action was brought to subject the community real estate of the respondents to the satisfaction .of said judgment.

The court found that the original claim for which O'Loughlin sued Hunt was a community debt due the respondents, and this finding is not questioned; but the court further found that the indemnity bond given by O'Loughlin was his individual debt, for which the real estate of the community was not liable.    We think this latter finding was erroneous.    The prior action was commenced in the interests of the community, although by the husband individually.    The giving of the indemnity bond was in furtherance of that suit and became necessary therein to maintain the claim against the property attached.    This was as much a community obligation as was the debt sued upon, and the community real estate is liable for its satisfaction.

Reversed and remanded.

Hoyt, C. J., Anders, Dunbar and Gordon, JJ., concur.